IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX IBARRA**, | : | CIVIL ACTION NO. 1:06-CV-1160 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **U.S.P. ALLENWOOD, et al.**, | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion to dismiss (Doc. 11) plaintiff Felix Ibarra's ("Ibarra") civil rights complaint (Doc. 1) pursuant to FED. R. CIV. P. 12(b)(6), filed on behalf of defendant Geisinger Medical Center ("Geisinger"). For the reasons set forth below, the motion will be granted.

**I.   Statement of Facts**

Ibarra, at all relevant times, an inmate incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood"), White Deer, Pennsylvania, alleges that Geisinger "did blood work exams and full lab reports of when I got infected with Hepatitis A & C on or about April 2002 thru 2006." (Doc. 1, p. 2).

**II.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.

2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.   Discussion**

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate

remedy is a civil rights action. Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In order to state an actionable civil rights claim, the plaintiff must allege that a person has deprived him or her of a federal right and that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff does not set forth a viable civil rights claim when he alleges merely negligent conduct. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Daniels v. Williams, 474 U.S. 327, 330-36 (1986); Freedman v. City of Allentown, 853 F.2d 1111, 1117 (3rd Cir. 1988).

Ibarra is unable to overcome a fatal flaw with regard to Geisinger, a private medical entity. Nowhere in the complaint does he allege that this defendant was acting under color of state law. "Merely private conduct, no matter how discriminatory or wrongful," is excluded from the reach of a civil rights action. Am. Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 50 (1999).

Moreover, Ibarra fails to demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care. A plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F.Supp. 542, 547 (M.D.Pa. 1988). Disagreement among individuals as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth County Correctional Inst.

Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Mere medical malpractice cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. White v. Napoleon, 897 F.2d 103, 108-10 (1990). Plaintiff fails to set forth allegations that rise to the level of deliberate indifference. Geisinger's motion to dismiss will be granted.

    An appropriate order will issue.

                                      S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge

Dated:       February 8, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX IBARRA,** | : | **CIVIL ACTION NO. 1:06-CV-1160** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **U.S.P. ALLENWOOD, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of February, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss filed on behalf of defendant Geisinger Medical Center pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 11) is GRANTED.

2. The Clerk of Court is directed to NOTE on the docket sheet that this defendant is terminated.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge