## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX IBARRA**, | : | **CIVIL ACTION NO. 1:06-CV-1160** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S.P. ALLENWOOD**, et al., | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the court is a motion to dismiss (Doc. 16) plaintiff Felix

Ibarra's ("Ibarra") civil rights complaint (Doc. 1), or, in the alternative, for summary

judgment, filed on behalf of the United States Penitentiary at Allenwood ("USP-

Allenwood"), White Deer, Pennsylvania, and the United States Medical Center for

Federal Prisoners in Springfield, Missouri ("MCFP Springfield").  (Doc. 16).  Also

pending are plaintiff's motions to amend the complaint.  (Docs. 27, 35).  For the

reasons set forth below, the motion to dismiss will be granted and the motions to

amend will be denied.

I.    **Statement of Facts**

   A.    **Bivens**[1] **Claim**

At all relevant times, Ibarra was incarcerated at USP-Allenwood.  He alleges that MCFP Springfield "did blood work exams and full lab reports of when I got infected with Hepatitis A & C on or about April 2002 thru 2006."  (Doc. 1, p. 2).  At the time, USP-Allenwood was falsely documenting his medical issues and complaints and was not addressing his disease.  (Id.).  He also alleges that he was assaulted by three USP-Allenwood staff members while handcuffed, that his property was confiscated and he was placed in a cell for approximately sixteen days with only a mattress and the clothes he was wearing, and upon its return, his confiscated property was damaged and items were missing.  (Doc. 5-2, p. 18).

Inmates may challenge any aspect of his or her confinement using the Bureau of Prison's ("BOP") administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*.  Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  Id. at §542.14(a).  If dissatisfied with the response, he may

---

[1] Bivens actions are the federal counterpart to § 1983 claims brought against state officials.  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)).  "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials."  Schrob v. Catterson 948 F.2d 1402, 1409 (3d Cir. 1991).

then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

On February 1, 2006, Ibarra attempted to informally resolve his concerns regarding the medical treatment he was receiving for Hepatitis A & C. (Doc. 18-2, Exhibit ("Ex.") 1, Ex. 1-B). On February 3, 2006, he was advised that he was "scheduled for chronic care in February 2006." It was also suggested that he follow-up with his medical provider regarding his conditions. (Id.). On February 27, 2006, he filed a request for administrative remedy with the warden. (Id. at Ex. 1-C). On March 3, 2006, his request was denied. (Id. at Ex. 1-D). Ibarra then unsuccessfully appealed the grievance to the Regional Director. (Id. at Ex. 1-E, Ex. 1-F). He filed a final appeal with the Central Office. (Id. at Ex. 1-G). The Central Office concurred with the finding and decisions of the Institution and Regional Office and denied the appeal. (Id. at Ex. 1-H).

Plaintiff also pursued administrative remedies with respect to his excessive use of force claim. On May 23, 2006, he filed a request for administrative relief, which was denied. (Doc. 18-2, Ex. 1, p. 3, ¶ 13). On July 24, 2006, he attempted to appeal to the Regional Office, but his appeal was rejected because he filed in the Northeast Regional Office, as opposed to the Southeast Regional Office, where he was designated. (Id. at ¶ 14). He did not pursue the appeal any further. (Id. at ¶ 15). No other administrative remedies were pursued. (Id. at ¶ 16).

**B.      Federal Tort Claims Act**

According to a search of the computerized indexes of all administrative tort claims filed by inmates, Ibarra failed to file an administrative tort claim concerning the issues raised in the complaint.  (Doc. 18-2, Ex. 1, p.3, ¶ 17).

**II.   Motion to Dismiss**

**A.      Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although a district court ruling on a motion to dismiss may not generally] consider matters extraneous to the pleadings, a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.     Discussion**

Defendants first seek to dismiss the Bivens claims on the grounds of sovereign immunity. The doctrine of sovereign immunity renders the United States, its departments and officials immune from suit except where the United States has consented to be sued. United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 587-88 (1941), finding that "except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States.' "); United States v. Sherwood, 312 U.S. 584, 586 (1941) (holding that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit"). The United States has not waived sovereign immunity with respect to constitutional claims. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403

5

U.S. 388, 410 (1971).  Consequently, the doctrine of sovereign immunity precludes a plaintiff from bringing a <u>Bivens</u> action against a federal agency.  <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994).  Defendants' motion to dismiss the <u>Bivens</u> claims will be granted.

## III.   **Motion for Summary Judgment**

### A.   **Standard of Review**

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury."  <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004).  Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim.  FED. R. CIV. P. 56(e); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Corneal v. Jackson Township</u>, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), <u>aff'd</u>, 94 Fed. Appx. 76 (3d Cir. 2004).  "Such affirmative evidence-- regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance."  <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001) (quoting <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460-61 (3d Cir. 1989).  Only if this burden is met can the cause of action proceed.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-51 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89 (1986); <u>see</u> FED. R. CIV. P.  56(c), (e).

## B.     Discussion

The administrative remedy process must be finally decided prior to the commencement of an action in federal court pursuant to the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106 111 (1993) (finding that "the command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing' . . . is unambiguous.").  As noted above, according to a search of the pertinent computerized indexes, Ibarra has failed to file an administrative tort claim concerning the issues raised in the complaint.  (Doc. 27, Ex. 2, pp. 2-3).

Ibarra contends that "[i]n addition to the FTCA claim filed by plaintiff dated as May 1, 2006, it was forwarded to B[ureau] O[f] P[risons] on July 12, 2006, and receipt received by BOP as Sept. 13, 2006.  Response is due for or before Nov. 19, 2006.  Plaintiff. . . . Plaintiff exhausted."  (Doc. 25, p. 8).  However, there is no record of this filing and plaintiff fails to submit any evidence to support his contention.  A party opposing a motion for summary judgment must adduce more than a scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations.  See Celotex, 477 U.S. at 325; Anderson, 477 U.S. 242.  Defendants' motion for summary judgment will be granted with respect to the FTCA.

### III.    Motions to Amend

Ibarra has filed two separate documents addressing the deficiencies in his pleadings.  (Docs. 27, 35).  He attempts to name additional defendants and indicates that he is attempting to exhaust his administrative remedies at his present place of confinement.

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that after a responsive pleading, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Denial of an amendment must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962); USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004); Grayson, 293 F.3d at 108; In re Burlington Coat Factory, 114 F.3d at1434 ;  Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citing Massarsky v. General Motors Corp., 706 F2d 111, 125 (3d Cir. 1983)).  In the instant matter, the Court concludes that because plaintiff has failed to exhaust his administrative remedies, amendment would be futile.

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court.  The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002): Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  "[I]t is beyond the power. . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).   The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  Nyhuis, 204 F.3d at 71.  The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. Such requirements "eliminate unwarranted federal-court interference with the

9

administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at  2387 (quoting Nussle, 534 U.S. at 525)).

Further, the United States Court of Appeals for the Third Circuit recently stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir.2006) (Not Precedential).  In citing to a case from the United States Court of Appeals for the Eighth Circuit, Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir.2003), the Third Circuit Court found that the lower court had properly dismissed paintiff's complaint because his exhaustion attempt took place after he filed his Bivens claim.  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." Oriakhi, 165 Fed. Appx. at 993 (quoting Johnson, 340 F.3d at 627-28.)

There is no question that Ibarra failed to exhaust his administrative remedies concerning his medical treatment prior to filing this action.  Consequently, even if he were to amend the claim to name new defendants, the claim would still be subject to dismissal, without prejudice, due to his failure to exhaust his remedies prior to bringing his suit in federal court.

Ibarra concedes that he failed to exhaust his administrative remedies with regard to his remaining claims, but seeks to excuse compliance arguing that his attempts to exhaust his administrative remedies were frustrated by his transfer to another institution and that officials at his present institution, the United States Penitentiary at Coleman ("USP-Coleman"), Coleman, Florida, have denied him postage and access to the necessary administrative remedy forms.  This argument is unconvincing.  An inmate must take advantage of all administrative remedies available to him.  See Brown v. Croak, 312 F.3d 109, 111 (3d Cir.2002).  An administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process.  See e.g., Brown, 312 F.3d at 112 (3d Cir.2002) (noting that prison security officials told inmate he must wait to file a grievance until the investigation was complete); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (finding that inmate put on grievance restriction).  While the circumstances with which Ibarra is confronted at his present place of incarceration are unfortunate, and certainly are not condoned by this Court, they have no bearing on his failure to exhaust his remedies prior to the initiation of the lawsuit.  See Oriakhi, 165 Fed. Appx. at 993.  He was incarcerated at USP-Allenwood at the time he filed his complaint in June 2006.  It appears that he was not transferred to USP-Coleman until sometime in September 2006.  Because Ibarra has not met the administrative exhaustion requirements, allowing him to amend the complaint as to these claims would be futile.

An appropriate order will issue.


   S/ Christopher C. Conner    
CHRISTOPHER C. CONNER
United States District Judge


Dated:       February 9, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX IBARRA,** | : | **CIVIL ACTION NO. 1:06-CV-1160** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S.P. ALLENWOOD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 9th day of February 2007, for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.    Defendants' motion to dismiss the <u>Bivens</u> claims pursuant to FED. R. CIV. P. 12(b)(6) (Doc 16) is  GRANTED.

2.    Defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56 (Doc. 16) is GRANTED as to the Federal Tort Claims Act claim.  The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff as to this claim.

3.    Plaintiff's motions to amend (Docs. 27, 35) are DENIED as amendment would be futile.

4.    The Clerk of Court is directed to CLOSE this case.

5.    Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge